[Cite as *State v. Maguire*, 2025-Ohio-4421.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

FRANCHESCA M. MAGUIRE,

        Defendant-Appellant.

CASE NO. 2025-L-036

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 001194

---

## OPINION AND JUDGMENT ENTRY

Decided: September 22, 2025
Judgment: Affirmed

---

*Charles E. Coulson*, Lake County Prosecutor; *Jennifer A. McGee*, *Melissa A. Blake*, and *Lauren K. Tuttle*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Franchesca M. Maguire, appeals from the judgment entry of sentence following her guilty pleas to two Endangering Children offenses in the Lake County Court of Common Pleas.  We affirm.

{¶2}    On October 10, 2024, the Lake County Grand Jury issued a secret indictment against Maguire for five counts of Endangering Children and one count of Domestic Violence.

{¶3}    On January 23, 2025, a change of plea hearing was held, and a written plea agreement was filed.  The trial court reviewed the charges, possible sentences, and the

rights waived by pleading guilty. The State indicated that had the matter gone to trial, the evidence would have shown the following: Maguire had assumed the role of loco parentis to the minor victim, who was between the ages of six and seven during the relevant time period; Maguire, along with her codefendant (the minor victim's father), recklessly created a substantial risk to the minor's health and safety by violating her duty of care, support, and protection, which resulted in serious physical harm to the minor; and Maguire, along with her codefendant, recklessly and cruelly abused and/or tortured the minor victim. For over a year, the child was, inter alia, deprived of food, forced to wear hand restraints, restricted of access to the restroom and his bed, locked in the garage for significant periods of time, physically punished, and psychologically abused. Maguire entered pleas of guilty to two counts of Endangering Children: Count One, a third-degree felony in violation of R.C. 2919.22(A), and a lesser-included offense of Count Three, a third-degree felony in violation of R.C. 2919.22(B)(2). The trial court accepted the pleas and found Maguire guilty of both offenses.

{¶4} The trial court held a sentencing hearing on February 27, 2025. Defense counsel requested a term of community control; Maguire also addressed the court. Prepared statements from the minor victim's mother and sister were read to the court, and the State presented video excerpts from law enforcement interviews with Maguire. The State described Maguire's conduct as "egregious," the harm as "significant and long-lasting," and recommended maximum consecutive sentences. The court found that a prison sentence was consistent with the purposes and principles of felony sentencing set forth in R.C. 2929.11 and that Maguire was not amenable to available community control sanctions. The court made consecutive-sentence findings and ordered Maguire to serve consecutive prison terms of 36 months on Count One and 36 months on Count Three, for

a total of 72 months.  The court entered a nolle prosequi on all other counts in the indictment.

{¶5}    On February 28, 2025, the court journalized the judgment entry of sentence.

{¶6}    Maguire timely appealed and raised two assignments of error in her merit brief:

[1.] Maguire's plea was not entered knowingly, voluntarily, and intelligently because the trial court gave misleading information regarding judicial release.

[2.] The trial court erred when it declined to consider whether Ms. Maguire led a law-abiding life.

{¶7}    Maguire subsequently moved to withdraw her first assignment of error without objection from the State.  We found the motion well taken and, therefore, consider only her second assignment of error.

{¶8}    Maguire contends that the trial court erred when determining her sentence by expressly refusing to consider the weight of her law-abiding life prior to committing these offenses.

{¶9}    Our jurisdiction to review sentencing factors is limited under R.C. 2953.08(G)(2)(b).  *State v. Brunson*, 2022-Ohio-4299, ¶ 69.  "Under that provision, the appellate court cannot modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."  *Id*., citing *State v. Jones*, 2020-Ohio-6729, ¶ 39.  "However, the appellate court is not prohibited from reviewing a sentence 'when the claim is that the sentence was improperly imposed based on impermissible considerations.'"  *Id*., quoting *State v. Bryant*, 2022-Ohio-1878, ¶ 22.  "Indeed, appellate courts are permitted to reverse or modify sentencing decisions that are ""otherwise contrary to law.""'"  *Id*., quoting *Bryant* at ¶ 22, quoting *Jones* at ¶ 32, quoting R.C. 2953.08(G)(2)(b).

Case No. 2025-L-036

{¶10} When developing a defendant's sentence, a trial court is required to consider in its recidivism determination whether "[p]rior to committing the offense, the offender had led a law-abiding life for a significant number of years." R.C. 2929.12(A) and (E)(3).

{¶11} At Maguire's sentencing hearing, the trial court stated, "I refuse to make a finding that she's led a law-abiding life for a significant number of years while this abuse took place over the course of a year[.]" Maguire contends that the court considered her conduct that formed the basis for these offenses rather than considering whether she had led a law-abiding life *before* the conduct underlying these offenses began, resulting in a sentence that is contrary to law. We disagree. The trial judge did not refuse to *consider* whether Maguire had led a law-abiding life for a significant number of years prior to committing the offense but, rather, refused to make a *finding* that she had indeed done so.

{¶12} Furthermore, a defendant's law-abiding life is only one of multiple factors a trial court considers when evaluating the defendant's risk of recidivism under R.C. 2929.12(D) and (E). The trial court also considers the defendant's juvenile delinquency and criminal history, any substance-abuse issues, whether the offenses were committed under circumstances not likely to recur, and whether the offender did or did not show genuine remorse for the offenses. Here, the court considered that Maguire has no known prior juvenile adjudications but that she does have a history of criminal convictions, finding it "noteworthy that one is for domestic battery and that involved basically a child-endangering-type situation." The court also found that Maguire showed no genuine remorse for these offenses, noting she was amused during her interrogation, had a smile on her face, and was not shocked by the allegations.

Case No. 2025-L-036

{¶13} The trial court was additionally required to consider the seriousness of the conduct and other relevant factors to achieve the purposes and principles of felony sentencing. R.C. 2929.12(B) and (C). The court found no mitigating factors. As to the seriousness of Maguire's conduct, the court found that the minor victim suffered serious physical and psychological harm and that Maguire acted as part of organized criminal activity with her codefendant (the minor victim's father). The court concluded that their actions "can only be described as cruel. I find you to be a manipulator. I have people who come through here who do very, very bad things and I don't know if I've ever said this to someone before, but you are just a bad person and there is no fixing that."

{¶14} These facts as found by the trial court, even without the law-abiding life consideration, demonstrate that the outcome of the sentencing hearing would not have been different. Accordingly, Maguire cannot succeed under her sentencing-factor argument. *See, e.g., Brunson*, 2022-Ohio-4299, at ¶ 90 (where the trial court's error in considering the defendant's decision to waive allocation and remain silent at sentencing when assessing his lack of remorse did not affect the defendant's sentence).

{¶15} Maguire's second assignment of error is without merit.

{¶16} We affirm the Lake County Court of Common Pleas' judgment entry of sentence.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-036

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, the judgment and order of this court is that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---